# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF MICHIGAN

# SOUTHERN DIVISION

**Melissa Martin,**

Plaintiff, Pro Se,

v.

**Plymouth Housing Commission,**

Defendant.

Case: 2:26−cv−10427
Assigned To : Leitman, Matthew F.
Referral Judge: Altman, Kimberly G.
Assign. Date : 2/6/2026
Description: CMP MELISSA
MARTIN V PLYMOUTH HOUSING
COMMISSION (SS)

(Jury Trial Demanded)

# COMPLAINT

## I. INTRODUCTION

This action arises from Defendant Plymouth Housing Commission's ("PHC") unlawful suspension and interference with Plaintiff's Housing Choice Voucher ("HCV") housing assistance without notice, verification, or procedural safeguards, during a period in which Plaintiff is medically vulnerable and was engaged in protected activity.

Plaintiff is a disabled participant in the federal Housing Choice Voucher Program whose voucher remained active, whose tenant share was zero, and whose tenancy was lawful and continuing at all relevant times.

1

Despite the absence of any court order granting possession, terminating tenancy, or authorizing cessation of Housing Assistance Payments ("HAP"), PHC suspended and disrupted Plaintiff's housing assistance based solely on unverified and inaccurate landlord representations, without providing Plaintiff notice, an opportunity to respond, or any avenue to contest the action.

PHC's conduct deprived Plaintiff of a protected property interest in violation of the Due Process Clause of the Fourteenth Amendment and interfered with Plaintiff's federally protected housing rights.

## II. JURISDICTION AND VENUE

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

Plaintiff's claims arise under 42 U.S.C. § 1983 and the Fair Housing Act, including 42 U.S.C. § 3617.

Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the events giving rise to these claims occurred within this District and Defendant operates within this District.

## III. PARTIES

Plaintiff **Melissa Martin** is a resident of Washtenaw County, Michigan and a participant in the Housing Choice Voucher Program.

2

Defendant **Plymouth Housing Commission** is a public housing authority responsible for administering Housing Choice Vouchers and Housing Assistance Payments and acted under color of state law at all relevant times.

## IV. FACTUAL ALLEGATIONS

### A. Plaintiff's Voucher, Lease, and Tenancy Status

Plaintiff held an active Housing Choice Voucher throughout the relevant period.

Plaintiff's tenant share of rent was zero.

Plaintiff received utility reimbursement through PHC.

Plaintiff's written lease term ran from October 2024 through September 2025.

Following the expiration of the written lease term, Plaintiff's tenancy continued on a lawful month-to-month basis by operation of law, as the landlord accepted rent and no court ordered possession or termination of tenancy.

Plaintiff did not receive any notice of voucher termination, suspension, or adverse determination prior to January 2026.

**B. Landlord Litigation, Nonrenewal Assertions, and Court Outcomes**

Plaintiff's landlord initiated state-court eviction proceedings in 2025, following Plaintiff's assertion of disability-related rights and protected activity.

Those proceedings were dismissed. No judgment for possession was entered against Plaintiff. Circuit Court Judge said on the record that if they wanted to try to evict me, it would have to be done in District Court.

At no point did any court issue an order authorizing Plaintiff's removal, termination of tenancy, or cessation of rent or HAP payments.

Any nonrenewal notice purportedly issued by Plaintiff's landlord in August 2025 was rendered legally ineffective and moot by the subsequent eviction proceedings and their dismissal without a judgment for possession.

Plaintiff did not receive any new nonrenewal notice in October 2025.

Instead of effecting a lawful nonrenewal, Plaintiff's landlord filed eviction proceedings which were later dismissed without prejudice and no conditions.

After the alleged nonrenewal period, the landlord accepted rent for October, November, and December 2025, thereby legally undermining any claim that Plaintiff's tenancy had terminated.

4

**C. PHC's Knowledge of Court Status, Rent Acceptance, and Coercive Landlord Conduct**

Between approximately October 31, 2025 and December 12, 2025, PHC's caseworker engaged in direct communications with Plaintiff's landlord regarding Plaintiff's tenancy and housing assistance.

On or about November 12, 2025, Plaintiff notified PHC by email that:

a. the landlord had lost possession in Circuit Court;

 b. no eviction was active;

 c. the landlord had accepted rent for November; and

 d. the landlord's attorney was attempting to pressure Plaintiff to relinquish her legal rights and withdraw a pending civil rights complaint in exchange for housing stability.

PHC's caseworker confirmed that November rent had been paid and accepted by the landlord, and no response to any other concerns.

Despite this knowledge, PHC did not correct its records, notify Plaintiff of any adverse action under consideration, or warn Plaintiff that her housing assistance was at risk.

**D. PHC's Reliance on Unverified and Inaccurate Landlord Representations**

In or around December 12th, 2025, PHC received communications from Plaintiff's landlord requesting to confirm that Housing Assistance Payments had stopped.

PHC did not independently verify court status, possession rights, or the legal continuation of Plaintiff's tenancy.

PHC did not verify the service, validity, or legal effect of any alleged nonrenewal notice.

PHC did not notify Plaintiff that such a request had been made.

PHC nevertheless placed Housing Assistance Payments on hold in December 2025.

**E. Lack of Notice and Discovery of the Suspension**

Plaintiff was not provided advance notice that HAP or utility assistance would be suspended.

Plaintiff was not provided a written determination, explanation, or appeal rights.

Plaintiff first discovered the disruption of assistance on January 8th, 2026, after noticing the absence of an expected utility reimbursement payment.

Upon inquiry, Plaintiff was informed that the landlord had requested that payments stop.

PHC acknowledged that no eviction was active and that Plaintiff's voucher remained valid.

PHC nevertheless conditioned resumption of payments on landlord consent.

6

**F. Medical Vulnerability and Administrative Pressure**

At the time Plaintiff discovered the suspension of assistance, Plaintiff was medically vulnerable and preparing for major surgery in six days.

Plaintiff informed PHC of her medical condition and the risks posed by housing and utility instability.

PHC failed to pause, correct, or stabilize its administrative actions after receiving this information.

PHC instead communicated that the landlord would temporarily "absorb the loss" of HAP payments during Plaintiff's recovery and that Plaintiff would be expected to vacate once medically able.

This informal arrangement did not restore Plaintiff's benefits, provide notice or appeal rights, or afford any enforceable protections.

**G. Escalation to HUD and Confirmation of Inaccurate Agency Records**

After discovering the suspension of her housing assistance, Plaintiff contacted a HUD Housing Choice Voucher specialist seeking clarification and corrective guidance.

The HUD specialist's responses reflected reliance on information supplied by PHC, including assertions that Plaintiff had been required to move, that eviction proceedings justified payment suspension, and that an informal six-month relocation period applied.

7

These assertions were inaccurate and contradicted court records, rent acceptance, and Plaintiff's documented communications with PHC.

Plaintiff corrected the record and provided additional context in writing.

Neither PHC nor HUD issued any written clarification, correction, or notice addressing the discrepancies.

Plaintiff waited approximately one and a half to two weeks for a substantive response or corrective action before initiating this action.

**H. Conflicting Payment Actions and Continued Uncertainty**

Plaintiff was informed that Housing Assistance Payments ("HAP") had been stopped at the landlord's request.

Plaintiff was later advised that Defendant would correct the missing utility reimbursement and issue payment to address that specific disruption. Defendant did not provide any written notice, determination, or explanation clarifying whether this action reflected a reinstatement, partial continuation, or separate administration of Plaintiff's housing assistance.

Defendant did not notify Plaintiff in writing whether her voucher relationship with the landlord had been terminated, remained active, or was being conditionally administered.

By addressing only a portion of Plaintiff's disrupted benefits through informal assurances, without issuing a written determination or providing appeal rights, Defendant left Plaintiff's housing assistance status uncertain and unresolved.

Decisions materially affecting Plaintiff's housing assistance were made without notice, explanation, or opportunity to be heard.

Plaintiff subsequently learned on January 21st, 2026, that management of the property had changed and that the new management company's tenant portal reflected Plaintiff's lease dates as continuing through September 2025, with no indication of lease termination, rent arrears, or cessation of housing assistance. Defendant did not notify Plaintiff whether it had communicated with the new landlord regarding the status of Plaintiff's voucher, HAP payments, or tenancy, further contributing to uncertainty and lack of notice regarding Plaintiff's housing assistance.

## I. Resulting Harm

PHC's actions caused Plaintiff housing instability, loss of benefit certainty, emotional distress, and heightened medical risk.

Plaintiff was deprived of the ability to contest or correct the administrative action before harm occurred.

Prior to filing this action, Plaintiff notified both HUD and PHC of the issues described herein. Despite providing notice and allowing reasonable time for response or corrective action, Plaintiff received no substantive resolution.

## V. CLAIMS FOR RELIEF

### COUNT I — Deprivation of Procedural Due Process

*(42 U.S.C. § 1983)*

Plaintiff incorporates all preceding paragraphs.

Plaintiff had a protected property interest in her Housing Choice Voucher, Housing Assistance Payments, and utility reimbursement.

PHC deprived Plaintiff of that interest without advance notice, a written determination, a hearing, or any opportunity to contest the action.

PHC relied on unverified and inaccurate landlord representations despite knowledge of contrary facts.

PHC's actions were arbitrary, unreasonable, and undertaken without constitutionally required procedural safeguards.

Defendant's conduct violated the Due Process Clause of the Fourteenth Amendment.

### COUNT II — Interference with Federally Protected Housing Rights

*(42 U.S.C. § 3617)*

Plaintiff incorporates all preceding paragraphs.

10

PHC interfered with Plaintiff's exercise and enjoyment of rights secured by the Fair Housing Act.

PHC's conduct occurred in the context of Plaintiff's disability, protected activity, and medical vulnerability.

## VI. DAMAGES AND RELIEF REQUESTED

Plaintiff respectfully requests that this Court:

A. Declare that Defendant's conduct violated Plaintiff's constitutional and statutory rights;

B. Enjoin Defendant from further interference without lawful notice, verification, and process;

C. Award compensatory and nominal damages;

D. Award costs and any relief the Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Date: January 6th, 2026

Respectfully submitted,

*Melissa Martin*

11

**Melissa Martin**
Plaintiff, Pro Se

1575 Ridge Rd, Apt 1

Superior Township, MI 48198

(734) 306-1274

mmmartin91@gmail.com

## Exhibit Index

### Exhibit A1-A7

A1-A4 email to caseworker stating I lost in court, no possession was granted, civil rights case still active, pressure from lawyer, confirming November rent and screenshots

A5- Caseworker confirming paid Nov. Rent

A6- asked if it was accepted

A7- Caseworker says rent wasn't returned

### Exhibit B1-B13

B1-B7 emails with caseworker finding out PHC payments werent stopped

B8-B11 caseworker and landlord communication Oct. 31st-Dec. 12th

B12-B13 response to communications between caseworker and landlord

### Exhibit C1-C22

C1- email to caseworker's supervisor and fair housing advocate

C2- supervisor asking when surgery is and how long recovery will take

C3-C13 back and forth email communications with supervisor about situation

C14- fair housing advocate email response

C15- PHC inspection notice

C16-C17 follow up email after surgery asking what was going to be done

C18-C20 supervisor response

C21-22 my last response

### Exhibit D1-D16

D1-D4 HUD complaint

D5-D14 HUD specialist communications

D15-D16 PHC Dec. And Jan. payments

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Melissa Martin | Plymouth Housing Commission |

| (b) County of Residence of First Listed Plaintiff    Washtenaw | County of Residence of First Listed Defendant    Wayne |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Pro Se<br>1575 Ridge Rd, apt 1<br>Superior Township, MI 48170    734-306-1274 | Unknown |

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
|---|---|
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*     Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets Act of 2016 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☒ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| | | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |
|---|---|---|---|---|---|---|

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 1983; 42 U.S.C. 3617

Brief description of cause:
Deprivation of housing assistance without notice or hearing; interference with federally protected housing rights by public housing authority

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.     DEMAND $ 0     CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*    JUDGE _____    DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 02/05/2026 | *Melissa Martin* |

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1.       Is this a case that has been previously dismissed?      ☐ Yes

                                                                                             ☑ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2.       Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)    ☐ Yes   ☑ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

Notes :





Respondent regarding Respondent's interest in mediation. The department has received Respondent's position statement and supportive exhibits. Once those are analyzed, you will be contacted for a scheduled phone call to discuss and provide a rebuttal. In the meantime, please provide:

- The case number for your circuit court case
- A copy of the accommodation request you submitted on or around January 2, 2025
- A copy of the accommodation request you submitted on or around July 1, 2025

Thank you!

Kind Regards,

**C. Steven Hively (he/him), BSPA, MPA | Investigator**

**Michigan Department of Civil Rights**

**Enforcement Division**

State of Michigan Building

Reply   Forward

Case 5:26-cv-10427-JEL-CI   ECF No. 1, PageID.18   Filed 02/06/26   Page 18 of 22



Andrew... 2 days ago

to me, Catherine

Ms. Martin:

PURSUANT TO MRE 408

We hope your health is improving...

I will be sending you a settlement proposal which allows you to stay in the premises until January 1, 2026, as you requested. In exchange, my clients will dismiss the eviction case and you will be asked to (1) drop any appeal rights (2) agree not to raise future lawsuits against my clients and (3) dismiss the pending civil rights claim.

Reply all   Forward

99+

Reply   Forward

99+



**Lea Eck...** 11/12/2025

to me ∨

Yes we paid the rent for November.

---

**From:** Melissa M <mmmartin91@gmail.com>
**Sent:** Wednesday, November 12, 2025 10:26 AM
**To:** Lea Eckman
<leckman@plymouthhousing.net>
**Subject:** [External Sender Be Alert] Eviction case

Hello. I lost in circuit court. Judge dismissed with prejudice but not on the merits. Said I did good for a self representive but their lawyer went to law  school and quoted the law better.... but refused to grant them possession.

My civil rights investigation is still active and going (screenshot below).

Two things.. one, their lawyer is trying to pressure me into dropping them evicting me if I give up my rights and drop my civil rights complaint (screenshot below). Im fighting it.

Second, I need you to please confirm that November

Case 5:26-cv-10427-JEL-CI  ECF No. 1, PageID.20  Filed 02/06/26  Page 20 of 22

↩ Reply    → Forward    ☺

# Re: [External Sender Be Alert] Eviction case  Add label

Case 5:26-cv-10427-JEL-CI   ECF No. 1, PageID.21   Filed 02/06/26   Page 21 of 22

**Melissa M** 11/12/2025

to Lea

And does it show they accepted it? I think you had to ask billing last time (which showed it was sent but not accepted on their end) and thats the part I need to know for court next week.

On Wed, Nov 12, 2025, 10:30 AM Lea Eckman <leckman@plymouthhousing.net> wrote:

Yes we paid the rent for November.

**From:** Melissa M <mmmartin91@gmail.com>
**Sent:** Wednesday, November 12, 2025 10:26 AM
**To:** Lea Eckman <leckman@plymouthhousing.net>
**Subject:** [External Sender Be Alert] Eviction case

Hello. I lost in circuit court. Judge dismissed with prejudice but not on the merits. Said I did good for a self representive but their lawyer went to law school and quoted the law better.... but refused to grant them possession.

↩ Reply       → Forward       ☺

99+

